[See Case No. 3,350.]

---

## Case No. 14,886.

### UNITED STATES v. CRANE.

[Cited in the Case of Lange, Case No. 8,065. Nowhere reported; opinion not now accessible.]

---

## Case No. 14,887.

### UNITED STATES v. CRANE.

[3 Cliff. 211.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1868.

BANKRUPTCY—INDICTMENT FOR FRAUDULENT CONCEALMENT OF PROPERTY.

1. Under section 44 of the bankrupt act of March, 1867 [14 Stat. 539], it was objected to an indictment that it did not sufficiently allege that the accused had attempted to account for certain of his property by fictitious losses, and that he had secreted and concealed certain portions of his property, after the commencement of proceedings in bankruptcy. The indictment alleged that the defendant was lawfully adjudged a bankrupt; that after commencement of proceedings in bankruptcy he was required by the district court to submit to examination on oath as to the disposal and condition of his property; that such examination was held; that the bankrupt was sworn to make true answers; and that he attempted to account for a certain item of property, with intent to defraud his creditors, by a fictitious loss. *Held*, that the objection as to the sufficiency of the allegation could not be sustained.

---

¹ [Reported by William Henry Clifford, Esq., and here reprinted by permission.]

2. Section 38 of the act provides that the filing of a petition for adjudication in bankruptcy, either by the debtor or by a creditor, upon which an order may be issued by the court or by the register, shall be deemed the commencement of proceedings in bankruptcy.

3. An averment in the indictment that the defendant was lawfully adjudged a bankrupt was sufficient to admit the record.

4. Such an averment is only a preliminary allegation to let in the record of the examination, which is itself a proceeding in bankruptcy.

5. The objection that the averment of a conclusion is insufficient is not applicable to the one in this case, which was only essential to lay the foundation for the admission of the record to which it refers.

6. If this were not so, then it would be necessary to set out the whole record in the indictment.

7. Where in an indictment it was alleged in substance that the property falsely accounted for belonged to the bankrupt and was assignable under the bankrupt act, *held*, that such averment was equivalent to charging that the property was that of the defendant.

Motion in arrest of judgment. Indictment under section 44 of the bankrupt act of March 2, 1867, charging the defendant [John Crane] with attempting to account for a certain part of his property by fictitious losses, and for secreting certain of his property after the commencement of proceedings in bankruptcy.

The following causes were assigned: First. It is not alleged, nor does it appear in either count of said indictment, that he has committed an offence of which this court has jurisdiction. Second. It is not alleged, and it does not appear, that the omissions charged in the first count of the indictment, or that the attempt to account for fifteen thousand six hundred and eighty-three dollars by a fictitious loss thereof charged in the second count, or that the concealment charged in the third and last count, was after the commencement of proceedings in bankruptcy. Third. It is not alleged, and it does not appear, that the omission or either of the acts with which he is charged in said indictment was after the commencement of legal proceedings in bankruptcy. Fourth. If the second counts be, in other respects, sufficient, it is not alleged that the sum of fifteen thousand six hundred and eighty-three dollars was the property of him, the said Crane. Fifth. The said indictment and each and all the counts thereof are otherwise defective and insufficient to support or warrant a judgment against him.

G. S. Hillard, U. S. Atty.

H. W. Paine and H. W. Muzzey, for defendant.

CLIFFORD, Circuit Justice. The indictment is founded upon the forty-fourth section of the act of congress of the second of March, 1867, entitled "An act to establish a uniform system of bankruptcy throughout the United States" (14 Stat. 539).

By that section it is provided, among oth-

er things, "that if any debtor or bankrupt shall, after the commencement of proceedings in bankruptcy, secrete or conceal any property belonging .to his estate * * * with intent to prevent it from coming into the possession of the assignee in bankruptcy, * * * or shall, with intent to defraud, wilfully and fraudulently conceal from his assignee or omit from his schedule any property or effects whatsoever, * * * or shall attempt to account for any of his property by fictitious losses or expenses, * * * he shall be deemed guilty of a misdemeanor," etc. 14 Stat. 539.

The charge in the first count of the indictment is that the defendant at Boston on the 19th of February, 1868, wilfully and fraudulently, and with intent to defraud his creditors, did omit from' the schedule annexed to his petition in bankruptcy, purporting to contain an inventory of all his estate, real and personal, a large part of his per-· sonal property, assignable under said act, to wit, thirty thousand dollars in money, together with a large amount of goods and chattels.

The second count is drawn upon that. clause of the same section which makes it an offence to attempt to·account for any of his property by fictitious losses or expenses, as is more fully set forth in the indictment.

The third count is drawn on that clause of the section which provides for the punishment of any such debtor or bankrupt, who, after the commencement of proceedings in bankruptcy, secretes or conceals any property belonging to his estate, with intent to prevent it from coming into the possession of the assignee in bankruptcy.

Motions in arrest of judgment in criminal cases are addressed to the entire indictment, so that in cases where the indictment contains more than one count, if any one of the counts is good, the motion must be denied.

Strong doubts are entertained whether the first count can be supported; but it is unnecessary to decide the point, as the court is of the opinion that the allegations of the second and third counts are sufficient.

Special consideration need not be bestowed upon the first cause assigned in the motion, as the supposed objections therein specified are more definitely set forth in the second and third causes, and those two causes may be considered together.

The precise import of the objection is that the counts, or either of them, do not show definite and sufficient allegations; that the several supposed criminal acts therein imputed to the defendant were done· and committed by him after the commencement of the proceedings in bankruptcy.

The argument is, that the allegation that the proceedings in bankruptcy were previously commenced is essential in the indictment, because the acts imputed to the defendant were not criminal unless they were done and committed after those proceedings were commenced; and it is doubtless true that the proposition is well founded. Suppose that to be so, still the inquiry remains whether the allegations as made are sufficient.

The substance of the allegations of the second count upon that subject is, that the defendant. on his own petition, filed in said district court on the 19th of February, 1868, was lawfully adjudged a bankrupt, and after the commencement of proceedings in bankruptcy in the said case, he was required by the said district court to attend and submit to an examination on oath upon all matters relating to the disposal and condition of his property, and that he did submit to such examination in pursuance of such requirements, and was then and there duly sworn to make true answers to such questions as should be propounded to him in reference to the disposal of his property and estate. Such is the substance of the allegation in respect to the commencement of the proceedings; but the grand jury go on to allege that he was then and there inquired of as to the disposal of fifteen thousand six hundred and eighty-three dollars previously received by him on a certain day, therein specified; and the averment is, that he then and there, with intent to defraud his creditors, falsely and fraudulently attempted to account for that sum by a fictitious loss of the same, as therein more fully set forth and alleged. The direct provision of the thirty-eighth section is, that the filing of a petition for adjudication in bankruptcy, either by a debtor in his own behalf or by any creditor against a debtor, upon which an order may be issued by the court or by a register in the manner provided in section four, shall be deemed and taken to be the commencement of proceedings in bankruptcy under that act. 14 Stat. 35. Doubt cannot be entertained that the averment that the defendant was lawfully adjudged a bankrupt, as therein alleged, was sufficient to admit the record, or an exemplified copy thereof, in evidence; and inasmuch as the act alleged could not be proved in any other way, the court is of the opinion that the allegation in the form pleaded is sufficient. Taken in any point of view, it is only a preliminary allegation, to let in the record of the examination of the bankrupt, which is itself a proceeding in bankruptcy.

An averment of a conclusion is said to be insufficient; but the rule has many exceptions, and cannot properly be applied to an allegation like the one under consideration, which is only essential as laying the foundation for the admission of the record to which it refers. Unless that be the rule in this case, then it was necessary to set out the whole record, which cannot be admitted, as it would require unnecessary complexity in indictments under this act of congress without any possible advantage to the accused. Objection was not made to the ad-

missibility of the record, under this allegation, and certainly, where it was received in evidence, every right of the accused was as effectually protected as if the record had been copied into the indictment.

Suffice it to say, without entering more into detail, that the court is of the opinion that neither the second nor the third cause assigned in support of the motion is well founded, whether applied to the second or third count.

The ground assumed in the fourth cause assigned is, that it is not alleged in the second count that the money therein described was the property of the defendant. But it is therein alleged. in substance and effect, that the money belonged to him, and was assignable under the bankrupt act.

Motion overruled: Judgment on the verdict.